# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff/Respondent,**

v.                                                      **Case No. 06-20118-03-JWL**

**Emeldo Martinez-Acosta,**

      **Defendant/Petitioner.**

## MEMORANDUM & ORDER

In August 2006, defendant Emeldo Martinez-Acosta was charged with various drug crimes, including conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine. On December 19, 2006, Mr. Martinez-Acosta entered into a written Rule 11(c)(1)(C) plea agreement as to the conspiracy charge in which the parties agreed to a term of 120 months imprisonment and five years of supervised release. A presentence investigation report was prepared and calculated Mr. Martinez-Acosta's base offense level at 32 with a two-level reduction for acceptance of responsibility, for a total offense level of 30. Mr. Martinez-Acosta's criminal history category was I, resulting in a guidelines range of 97–121 months. However, because of the ten-year mandatory minimum required by statute, *see* 21 U.S.C. § 841(b)(1)(A), the guidelines range became 120–121 months. On March 19, 2007, the court imposed a sentence of the agreed-upon 120 months to be followed by 5 years of supervised release. Mr. Martinez-Acosta has now filed a motion pursuant to 18 U.S.C. § 3582(c) to modify his sentence pursuant to Amendment 782. As will be explained, the motion is denied.

Federal courts, in general, lack jurisdiction to reduce a term of imprisonment once it has been imposed. *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011). "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997). Under limited circumstances, modification of a sentence is possible under 18 U.S.C. § 3582(c). That provision states that "a defendant who has been sentenced to a term of imprisonment *based on a sentencing range* that has subsequently been lowered by the Sentencing Commission" may be eligible for a reduction, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added).

It is clear that Amendment 782 does not lower Mr. Martinez-Acosta's applicable guidelines range because his sentence was not based on the sentencing guidelines but was based instead on an agreed-upon sentence in an 11(c)(1)(C) plea agreement. In the context of a Rule 11(c)(1)(C) plea agreement, a sentence is deemed "based on" a guidelines range for purposes of § 3582(c)(2) relief only when the guidelines range is evident from the agreement itself. *Freeman v. United States*, 131 S. Ct. 2685, 2697 (2011); *United States v. Graham*, 704 F.3d 1275, 1278 (10th Cir. 2013) (Justice Sotomayor's concurrence "represents the Court's holding"). Under *Freeman*, then, Mr. Martinez-Acosta is not entitled to relief because no specific guideline range is evident from the parties' Rule 11(c)(1)(C) plea agreement. In fact, the parties in the agreement expressly state that they are not requesting a guideline sentence.

In any event, the court is not authorized to reduce Mr. Martinez-Acosta's sentence regardless of the parties' Rule 11(c)(1)(C) plea agreement because Mr. Martinez-Acosta remains subject to the mandatory minimum sentence of 10 years regardless of the application of

Amendment 782. In such circumstances, the court is not authorized to reduce Mr. Martinez-Acosta's sentence under § 3582(c)(2) and Amendment 782 affords no relief to Mr. Martinez-Acosta. *See United States v. Woods*, ___ Fed. Appx. ___, 2015 WL 250647, at *1-2 (10th Cir. Jan. 21, 2015) (if a defendant is sentenced pursuant to a statutory mandatory minimum sentence provision, he is ineligible for a sentence reduction under § 3582(c)(2)).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Martinez-Acosta's motion to reduce sentence (doc. 183) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated this 6th day of May, 2015, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge