IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff/Respondent,**

v.                                            **Case No. 06-20118-03-JWL**

**Emeldo Martinez-Acosta,**

    **Defendant/Petitioner.**

## MEMORANDUM & ORDER

In August 2006, defendant Emeldo Martinez-Acosta was charged with various drug crimes, including conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine. On December 19, 2006, Mr. Martinez-Acosta entered into a written Rule 11(c)(1)(C) plea agreement as to the conspiracy charge in which the parties agreed to a term of 120 months imprisonment (the statutory mandatory minimum sentence) and five years of supervised release. On March 19, 2007, the court imposed a sentence of the agreed-upon 120 months to be followed by 5 years of supervised release. Recently, Mr. Martinez-Acosta filed a motion pursuant to 18 U.S.C. § 3582(c) to modify his sentence pursuant to Amendment 782. The court dismissed that motion for lack of jurisdiction on two independent grounds, finding that a reduction was not authorized both because his sentence was based not on the guidelines but on an agreed-upon sentence in the Rule 11(c)(1)(C) plea agreement and because Mr. Martinez-Acosta remains subject to the mandatory minimum sentence of 10 years regardless of the application of Amendment 782.

Mr. Martinez-Acosta now seeks reconsideration of the court's order. That motion is denied. In his motion, Mr. Martinez-Acosta first expresses confusion about the court's determination that it "lacks jurisdiction" over his § 3582(c) motion. This is understandable. When the court dismissed the motion for "lack of jurisdiction," it was simply using a term of art or a legal expression that simply means that the specific statute that authorizes sentence reductions in limited circumstances does not permit the court to reduce Mr. Martinez-Acosta's sentence (for the reasons stated previously) such that the court lacks the power or the authority to reduce his sentence.

Mr. Martinez-Acosta next asserts that he does not recall signing a plea agreement under which he waived his right to seek a sentence reduction in the future and that he recalls requesting a Guideline sentence. To be clear, the plea agreement signed by Mr. Martinez-Acosta did not "waive" any rights to seek a sentence reduction, but the very nature of a Rule 11(c)(1)(C) plea agreement is that the parties arrive at an agreed-upon sentence. In the agreement executed by Mr. Martinez-Acosta, the parties disavowed any reliance on the Guidelines in coming up with the 120-month sentence such that Mr. Martinez-Acosta's sentence was not "based on" the sentencing guidelines. A reduction is authorized only if the sentence is "based on" guidelines that have subsequently been lowered. In any event, as explained by the court in its memorandum and order dismissing Mr. Martinez-Acosta's motion for a sentence reduction, because Mr. Martinez-Acosta received the 10-year mandatory minimum sentence required by statute, he is not entitled to a reduction regardless of the terms of his Rule 11(c)(1)(C) plea agreement.

For the foregoing reasons, Mr. Martinez-Acosta's motion for reconsideration is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Martinez-Acosta's motion for reconsideration (doc. 187) is denied.

**IT IS SO ORDERED.**

Dated this 16th day of July 2015, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
